# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>DAVE DAVEY,<br><br>Respondent. | Case No. 1:14-cv-01068-LJO-SAB-HC<br><br>ORDER DENYING RESPONDENT'S MOTION TO VACATE BRIEFING SCHEDULE<br><br>(ECF No. 27) |

Petitioner is proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On October 14, 2014, Petitioner filed a motion to stay the state court proceedings. (ECF No. 12). On October 22, 2014, the Court denied Petitioner's motion to stay the state court proceedings. (ECF No. 14). On October 30, 2014, the Court ordered Respondent to file a response to the petition within sixty (60) days of the date of service of the order. (ECF No. 16). On October 31, 2014, Petitioner filed a notice of interlocutory appeal of the denial of his motion to stay the state court proceedings. (ECF No. 19). Respondent had yet to make an appearance at the time the appeal was filed. On October 28, 2014, the Respondent entered the case and filed a status report. (ECF No. 15). On November 12, 2014, Respondent filed a decline of magistrate judge jurisdiction. (ECF No. 22). On November 12, 2014, the United States Court of Appeals

for the Ninth Circuit noted that both parties had not yet consented to the jurisdiction of the magistrate at the time of the order on Petitioner's motion to stay the state court proceedings, and asked Petitioner why the matter should not be remanded back to the district court as a result. On November 18, 2014, Petitioner sent a letter to the Ninth Circuit requesting that the interlocutory appeal be vacated and the matter be remanded to the district court. On December 15, 2014, the Ninth Circuit ordered Respondent to file a response to the Ninth Circuit's November 12, 2014, order to show cause, by January 5, 2015. (ECF No. 27, Attachment A).

On November 24, 2014, Petitioner filed a second motion to stay the state court proceedings. (ECF No. 24). On December 5, 2014, the Court granted Respondent's motion for an extension of time to respond to the second stay request until December 30, 2014, which was also the due date for a response to the petition. (ECF No. 26).

On December 23, 2014, Respondent filed a motion to vacate the briefing schedule due to pending appeal. (ECF No. 27).

## II.

## DISCUSSION

Respondent argues in his motion to vacate the briefing schedule that the filing of the interlocutory appeal divested this Court of jurisdiction.

On October 31, 2014, Petitioner filed an interlocutory appeal of the denial of his motion to stay the state court proceedings, which was a request for injunctive relief. Pursuant to 28 U.S.C. §1292, the courts of appeals have jurisdiction of appeals from interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." Therefore, Petitioner filed a proper interlocutory appeal. "When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court." Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001) (citing Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.ED.2d 274 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.")).

1  Federal Rules of Civil Procedure 62(c) provides an exception to the general rule that a
2 district court is divested of jurisdiction during an interlocutory appeal.  Rule 62(c) provides, in
3 pertinent part:

> While an appeal is pending from an interlocutory or final judgment grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

7 Pursuant to Rule 62(c), a "district court retains jurisdiction during the pendency of an appeal to
8 act to preserve the status quo."  Mayweathers, 258 F.3d at 935 (quoting Natural Resources
9 Defense Council Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).

10  This Court does not have jurisdiction during the pendency of the interlocutory appeal to
11 decide Petitioner's second motion to stay the state court proceedings, as the motion addresses an
12 aspect of the case involved in the appeal and an order granting the motion to stay would reflect a
13 change in the result of the very issue on appeal.  See Marrese, 470 U.S. at 379.  Also, the Court
14 does not have jurisdiction pursuant to Rule 62(c) over Petitioner's second motion for a stay of
15 the state court proceedings during the pendency of the interlocutory appeal, because if the Court
16 grants the motion, then the Court would be changing the status quo at the time of the first appeal
17 and materially alter the status of the appeal.  See Mayweathers, 258 F.3d at 935.

18  The issue of whether the Court was divested of jurisdiction to decide the petition and
19 matters not involved in the appeal is not as straightforward as Respondent appears to argue.  The
20 Court would request further briefing on whether the Court was divested of jurisdiction to decide
21 the merits of the petition and other matters not involved in the appeal, but in the interests of
22 judicial economy, the Court will continue the briefing schedule and extend the time for
23 Respondent to file a response.  The Court does not find that there is reason to vacate the
24 scheduling order.  Irrespective of the outcome of the interlocutory appeal, when the interlocutory
25 appeal concludes, the Court will require Respondent to file an Answer to the petition and the
26 Court will decide the merits of the petition.  Therefore, the Court will extend the time for
27 Respondent to file a response to the petition and a response to the second motion for stay.
28 ///

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to vacate the briefing schedule due to pending appeal is **DENIED**;

2. Respondent is granted through and including **February 20, 2015**, in which to file an answer to the petition;

3. Respondent is granted through and including **February 20, 2015**, in which to file a response to Petitioner's second motion to stay the state court proceedings; and

4. Petitioner's traverse, if any, is due on or before **THIRTY (30)** days from the date Respondent's Answer is filed.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated: **December 24, 2014**

UNITED STATES MAGISTRATE JUDGE