# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>DAVE DAVEY, Warden,<br><br>Respondent. | Case No. 1:14-cv-01068-LJO-SAB-HC<br><br>ORDER FOLLOWING REMAND FROM THE NINTH CIRCUIT COURT OF APPEALS AND VACATING ORDER ON FIRST MOTION TO STAY<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION AND MOTIONS TO STAY STATE COURT PROCEEDINGS<br>(ECF Nos. 1, 12, 24) |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus.

## I.

## BACKGROUND

On December 7, 1977, Petitioner was convicted by a jury of first degree murder with the special circumstance that the murder was committed in the furtherance of a robbery, attempted murder, and two counts of robbery, and the jury found true the allegations that Petitioner personally used a firearm in the commission of one of the robberies, the attempted murder, and the murder. People v. Phillips, 41 Cal.3d 29, 38-39 (1985). The jury returned a death verdict. Id. at 38. On February 20, 1980, Petitioner was sentenced to death for the first degree murder with special circumstances. Id. The trial court further sentenced Petitioner to a determinate term for the other counts which he was convicted of, but stayed that term pending the appeal of the

death sentence. Id. The California Supreme Court affirmed Petitioner's conviction and finding of the special circumstance, but the penalty phase judgment was reversed. Id. at 65-85.

After Petitioner's penalty retrial in 1991, Petitioner was again sentenced to death and committed to San Quentin State Prison on March 13, 1992. (LD 2).[1] The Madera County Superior Court had noted that the sentences imposed for counts two through four were undisturbed on appeal and remained in full force and effect. (Id.).

On March 4, 1992, Petitioner filed a federal petition for writ of habeas corpus in this district court. Phillips v. Chappell, No. 1:92-cv-05167-AWI, 2013WL 2896809 at *1 (E.D. Cal. June 12, 2013). As resentencing after Petitioner's state penalty retrial had not happened yet, the federal district court dismissed the federal habeas petition because of the ongoing state proceedings. Id. The Ninth Circuit reversed because the extraordinary delay justified the consideration of guilt phase issues by federal courts even though the sentence was not yet final in state court. Phillips v. Vasquez, 56 F.3d 1030, 1037-38 (9th Cir. 1995). On July 15, 1996, Petitioner filed an amended federal habeas petition. Phillips v. Chappell, No. 1:92-cv-05167-AWI, 2013WL 2896809 at *1 (E.D. Cal. June 12, 2013). On July 13, 1998, Petitioner's federal habeas petition was denied. Id. The Ninth Circuit affirmed the district court's rejection of Petitioner's claims about bad faith destruction of evidence, failure to disclose reports, and factual innocence. Phillips v. Woodford, 267 F.3d 966, 986-88 (9th Cir. 2001). However, the Ninth Circuit remanded to the district court for an evidentiary hearing the claims alleging perjury by a prosecution witness Sharon Colman, ineffective assistance of counsel, and cumulative error. Id.

During the time that Petitioner's appeal of his guilt phase and special circumstance findings were pending before the Ninth Circuit, the California Supreme Court affirmed Petitioner's second death sentence on September 27, 2000. People v. Phillips, 22 Cal.4th 226 (2000). On July 7, 2003, Petitioner filed his federal habeas petition detailing his penalty phase claims. Phillips v. Chappell, No. 1:92-cv-05167-AWI, 2013WL 2896809 at *1 (E.D. Cal. June 12, 2013). After the evidentiary hearing was held on the remanded claims via depositions,

---

[1] "LD" refers to the documents lodged by Respondent with his answer on February 19, 2015. (ECF No. 34).

1 Petitioner's remanded guilt phase and death eligibility claims were denied. Id. at*2. On July 2, 2004, Petitioner moved to dismiss his penalty phase claims, and his motion to dismiss was granted on August 26, 2004. Id. The Ninth Circuit then affirmed the district court's procedural rulings and the denial of the claim of ineffective assistance of counsel for allowing Petitioner to proceed with an alibi defense, but reversed regarding the due process violation for the prosecutor's failure to reveal significant benefits given to a key witness in exchange for her testimony and for failing to correct her false testimony. Id. The Ninth Circuit vacated the special circumstance finding and the death sentence, but upheld the convictions for first degree murder, attempted murder, and robbery. Id. After the United States Supreme Court denied both parties' petitions for certiorari, the Ninth Circuit issued the mandate on June 6, 2013. Phillips v. Chappell, No. 1:92-cv-05167-AWI, 2013WL 2896809 at *2. The district court then entered judgment which granted in part Petitioner's writ of habeas corpus, vacated the special circumstance finding and death sentence imposed on Petitioner, and ordered the State of California to re-sentence Phillips to a penalty other than death and life without parole, unless proceedings to grant him a new trial were initiated within 90 days from the date of the order. Id. at 3.

On June 26, 2013, Petitioner made his first appearance in Madera County Superior Court and appeared in pro per with advisory counsel. (LD 4). Petitioner requested to be housed in Madera County Jail rather than Corcoran. (Id.) The Court set a hearing and briefing schedule on the question of where Petitioner should be housed. (Id.) On July 30, 2013, after hearing arguments from the parties, the Madera County Superior Court denied Petitioner's motion to be housed at Madera County Jail. (LD 11-12). On August 29, 2013, the Madera County Superior Court issued an order that Petitioner was to be housed at Corcoran State Prison because of medical needs and security concerns. (LD 15). On or about September 30, 2013, Petitioner filed in the Madera County Superior Court a motion to reconsider his housing location. On or about November 21, 2013, Petitioner filed an amended motion for reconsideration of his housing location. (LD 19). On February 21, 2014, the Madera County Superior Court heard and denied Petitioner's motions for reconsideration. (LD 23-24). On March 20, 2014, Petitioner filed a

petition for writ of mandate with the California Court of Appeal, Fifth Appellate District, which was denied on April 14, 2014. On April 25, 2014, Petitioner filed a petition for review with the California Supreme Court, which was denied on June 25, 2014.

Petitioner is currently facing retrial of the special circumstance violation for which the State is seeking life without the impossibility of parole. (ECF No. 15). On June 30, 2014, the Madera County District Attorney elected not to seek the death penalty, but to pursue life without the possibility of parole. (LD 25). On July 28, 2014, the Madera County Superior Court ordered that because this was no longer a death penalty case, Petitioner was not entitled to advisory counsel. (Id.) On August 6, 2014, Petitioner elected to remain in pro per, and his advisory counsel was relieved. (Id.) A status conference is scheduled in state trial court for July 29, 2015. (ECF No. 37).

On July 2, 2014, Petitioner filed the instant petition in this Court. (ECF No. 1). On October 14, 2014, Petitioner filed a motion to stay the state court proceedings. (ECF No. 12). On November 24, 2014, Petitioner filed a second motion to stay the state court proceedings. (ECF No. 24).

## II.

## DISCUSSION

**A. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Section 2241(c)(3) of Title 28 of the United States Code is the proper statutory authority for habeas petitions who are in custody in violation of the Constitution or laws or treaties of the United States, but the petitioner is not in custody pursuant to a state court judgment of conviction. Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.

The parties disagree about whether this Court has jurisdiction to entertain this petition based on Section 2254 or Section 2241. Petitioner requests that this be treated as a Section 2241

petition. Respondent presents his arguments in light of this being a Section 2254 petition, but states in one part of his answer that Section 2241 also applies to this petition. The parties disagree about whether Petitioner is a prisoner who is being held pursuant to a state court judgment. It is not entirely clear whether this Court has jurisdiction over this petition pursuant to Section 2241(c)(3) or Section 2254(a). In either case, this Court has jurisdiction pursuant to one of the provisions. This Court is also the proper venue for this action pursuant to either of the provisions. Petitioner was convicted in Madera County Superior Court, which is located within the jurisdiction of this Court. See 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Also, Petitioner is presently housed at Corcoran State Prison, which is located within the jurisdiction of this Court. See 28 U.S.C. § 84(b). As the Court will discuss below, it finds that Petitioner is in custody pursuant to a state court judgment. Therefore, the Court finds that it has jurisdiction over this petition pursuant to Section 2254(a).[2]

**B. Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] The Court notes that it arrives at the same result whether this petition is reviewed under Section 2241 or Section 2254. Section 2241 does not include the one-year limitations period of 2244(d)(1) or the deferential review standards of 2254(d)(1), (2). It appears that Petitioner has exhausted his claims and that his petition is not barred by the statute of limitations. Even if this Court were to review Petitioner's claims pursuant to Section 2241 and without the deferential review of Section 2254, it would reach the same conclusions.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97-98, 131 S.Ct 770, 783-84, 178 L.Ed.2d 624 (2011); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Carey, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13; see also Lockyer, 538 U.S. at 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that

contradicts the governing law set forth in [Supreme Court] cases." Id.  If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard.  Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.  "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411; see also Lockyer, 538 U.S. at 75-76.  The writ may issue only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."  Harrington, 131 S.Ct. at 784.  In other words, so long as fairminded jurists could disagree on the correctness of the state courts decision, the decision cannot be considered unreasonable.  Id.  There must be an "extreme malfunction" by the state court to grant habeas relief.  Woods v Donald, __ U.S. __, __, 135 S.Ct. 1372, 1378 (2015) (per curiam) (citing Harrington, 131 S.Ct. at 770).  If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent.  Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable.  See LaJoie v. Thompson, 217 F.3d 663, 669 (9th Cir. 2000); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

The AEDPA requires considerable deference to the state courts.  "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on

the merits," and "evidence introduced in federal court has no bearing on 2254(d)(1) review." Cullen v. Pinholster, __ U.S. __, __, 131 S.Ct. 1388, 1398-99 (2011). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(e)(1)). However, a state court factual finding is not entitled to deference if the relevant state court record is unavailable for the federal court to review. Townsend v. Sain, 372 U.S. 293, 319 (1963), *overruled by*, Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

**C. Petitioner's Claim to be Housed in Madera County Jail**

1. <u>Petitioner's Claim That There is No Valid Judgment Entered Against Him</u>

Petitioner argues that he should be housed in the Madera County Jail and that his pretrial custody at California State Prison at Corcoran is in violation of his Constitutional rights. Petitioner argues that he should not be housed in a state prison without a valid judgment, and therefore, he should be transferred to the Madera County Jail because there is no valid judgment entered against him to keep him at Corcoran. Respondent argues that Petitioner has no federal Constitutional rights to a particular detention location and that as a convicted felon facing resentencing after the special circumstance retrial, Petitioner is properly in the custody of the California Department of Corrections and Rehabilitation ("CDCR").

Liberally construing the petition, it appears that Petitioner argues that he is being held in state prison past the possible date of completion for his determinate sentences that will not change as a result of his resentencing. Petitioner argues that he is not committed to a state prison presently, because his sentence has been vacated. (ECF No. 1 at 18).[3] Petitioner argues that until the sentence is pronounced, he cannot be a prisoner of CDCR for the first degree murder charge. (ECF No. 1 at 18). Petitioner argues that he is being falsely imprisoned in violation of the Eighth Amendment because he has already served the 20 years imposed as part of his original sentence for the non-capital offenses.[4] (ECF No. 1 at 18).

---

[3] Page numbers refer to the ECF page numbers that are stamped at the top right of the page.

[4] The parties appear to disagree about whether Petitioner's determinate sentences total 20 or 22 years. It is irrelevant for the analysis of Petitioner's claims whether Petitioner's determinate sentence was 20 or 22 years. Petitioner has served more than 22 years in prison.

The issue in this petition centers around what Petitioner's "status" was after the district court's order in Petitioner's prior habeas petition granted in part Petitioner's writ of habeas corpus, vacated the special circumstance finding and death sentence imposed on Petitioner, and ordered the State of California to re-sentence Petitioner to a penalty other than death and life without parole, unless proceedings to grant him a new trial were initiated within 90 days from the date of the order. Petitioner argues that he is now a pretrial detainee. Respondent contends that Petitioner is still convicted of first degree murder, attempted murder, and two counts of robbery, and that the only issue on retrial is the special circumstance allegation for the first degree murder.

In People v. Buckhalter, 26 Cal.4th 20, 34 (2001), the California Supreme Court held that when there is an appellate remand solely for correction of a sentence already in progress, a "defendant's temporary removal from state prison to county jail as a consequence of the remand did not transform him from a state prisoner to a local presentence detainee." After being sentenced and committed to prison to serve a term of imprisonment, the felon's status remains the same until lawfully released. Id. In Buckhalter, the defendant's conviction was not vacated. Id. at 22. Although the present case is not factually identical to Buckhalter, the principles of Buckhalter are applicable to Petitioner's case. In Stow v. Murashige, 389 F.3d 880, 886-88 (9th Cir. 2004), the Ninth Circuit held that a prisoner was a pretrial detainee after the state appellate court had reversed his first degree murder conviction and remanded case for further proceedings on a charge of second degree murder.

In this case, Petitioner's convictions for first degree murder, attempted murder, and robbery are final. There will be no further review of any of his claims in respect to his first degree murder, attempted murder, and robbery convictions in state courts. The only pending proceeding is the retrial for the special circumstance, and if the special circumstance is found, any appeals and post-conviction remedies available to Petitioner for the retrial for the special circumstance. Therefore, Petitioner in this case, like the defendant in Buckhalter, has not had his conviction vacated. The present case is distinguishable from Stow because Petitioner in the present case had his convictions upheld after review by the state and federal courts. Although

Petitioner has a pending retrial of the special circumstance, it is only for the special circumstance and not for the underlying conviction for murder.

As Petitioner is still convicted of first degree murder, attempted murder, and two counts of robbery, he is still a convicted felon and still incarcerated pursuant to the judgment from the state court. Therefore, Petitioner is not a prisoner who has served his entire sentence and is entitled to release. Accordingly, Petitioner's claim that he is being illegally held in state prison without a valid judgment and past the release date for his determinate sentences must be denied.

2. <u>Petitioner's Claim That He Was Ordered Into Custody of Warden of San Quentin</u>

After Petitioner's sentencing in 1992, he was delivered into the custody of the warden at San Quentin. (LD 2). Petitioner argues that because he was committed to the Warden of San Quentin and not to CDCR that he could not have been transferred to CDCR and Corcoran in 2013. (ECF No. 1 at 37-38; ECF No. 35 at 6-7). Respondent asserts that Petitioner's housing at Corcoran is by internal agreement between San Quentin and CDCR and that San Quentin maintains constructive custody of Petitioner until he is resentenced. (ECF No. 33 at 26). The Court has already found that Petitioner is being lawfully imprisoned as a convicted felon pending his special circumstance retrial. Therefore, to the extent that Petitioner challenges the transfer from San Quentin to Corcoran, this is a claim challenging the location of his housing, and this claim must be denied.

The Court notes that during Petitioner's previous federal habeas petition challenging his guilt phase claims, Petitioner raised challenges to the location of his housing in a particular institution. The Ninth Circuit stated that:

> Although Phillips presented several compelling reasons to justify his transfer from San Quentin to Madera, the district court did not abuse its discretion in denying this motion. A prisoner has no right to be housed in a particular institution. *Rizzo v. Dawson,* 778 F.2d 527, 530 (9th Cir.1985); *see also Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Moreover, as Phillips acknowledged in his motion for relocation, the power to order a prisoner transferred is to "be exercised at the sound discretion of the court." The district court's holding that the risks and costs of relocation so outweighed the inconvenience suffered by Phillips's defense team does not constitute a "clear error of judgment," as is required to find an abuse of discretion. *See SEC v. Coldicutt,* 258 F.3d 939, 941 (9th Cir.2001).

Phillips v. Ornoski, 673 F.3d 1168, 1179 (9th Cir. 2012).

Accordingly, as Petitioner does not have a right to be housed in a particular institution, his claim must be denied. Furthermore, as the Court has determined that Petitioner's rights were not violated by holding Petitioner in prison and transferring Petitioner to Corcoran, the Court will not address the arguments concerning Section 4007 of the California Penal Code.

### 3. Entitlement to Same Privileges That He Had in 1991 During Penalty Retrial

To the extent that Petitioner raises a separate argument that he is entitled to the same pro se privileges that he had at the Madera County Jail in 1991 during his incarceration pending the retrial of his special circumstance, the Court will address this argument. Petitioner cites Wilson v. Super. Ct., 21 Cal.3d 816 (1978) and People v. Moore, 51 Cal.4th 1104, 1125-26 (2011) to support his argument.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's argument that he should be entitled to the same pro per provisions that he had during the penalty retrial in 1991 is more akin to a challenge to the conditions of confinement. Therefore, this claim would be appropriate by way of a civil rights complaint pursuant to Section 1983 of Title 28 of the United States Code. The Court expresses no opinion as to the merits of such a civil rights complaint.

A habeas petition may be construed as a Section 1983 civil rights complaint, but a court is not required to do so. Wilwording v. Swenson, 404 U.S. 249, 251 (1971). There have been

significant changes in the law post-<u>Wilwording</u>, such as a change in fees.  The filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven.  However, the fee is now $400 for civil rights cases and under the Prisoner Litigation Reform Act, the prisoner is required to pay it by way of deductions from income to the prisoner's trust account, even if granted in forma pauperis status.  <u>See</u> 28 U.S.C. § 1915(b)(1).  A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights compliant for which the $400 fee would be deducted from income to his or her account.  In addition, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if this claim were construed as a civil rights complaint, this claim should be dismissed without prejudice.

## III.

## PETITIONER'S MOTIONS TO STAY STATE COURT PROCEEDINGS

On October 14, 2014, Petitioner filed a motion to stay the state court proceedings.  (ECF No. 12).  On October 22, 2014, the Court denied Petitioner's motion to stay the state court proceedings.  (ECF No. 14).  On October 31, 2014, Petitioner filed a notice of interlocutory appeal of the denial of his motion to stay the state court proceedings.  (ECF No. 19).  While Petitioner's appeal of the Magistrate Judge's October 22, 2014 order was pending, he filed a second motion to stay the state court proceedings on November 24, 2014.  (ECF No. 24).

Pursuant to the order of the United States Court of Appeals for the Ninth Circuit in the case of RICHARD LOUIS ARNOLD PHILLIPS v. DAVE DAVEY, case no. 14-17193, the matter was remanded with instructions to vacate the Magistrate Judge's October 22, 2014 order on Petitioner's motion to stay the state court proceedings.  (ECF No. 29).  The Ninth Circuit noted that "On remand, the district court may address appellant's motion to stay state court proceedings in the first instance or alternatively, may construe the magistrate judge's order as a report and recommendation and afford the parties a reasonable time to file objections."  (ECF

No. 29).

The Court has reviewed Petitioner's first and second motions to stay the state court proceedings, and therefore, will address in this Findings and Recommendation both of Petitioner's motions to stay the state court proceedings. Petitioner's motions to stay the state court proceedings are construed as motions to obtain injunctive relief. Although the Court is recommending that Petitioner's petition be denied, and therefore, the motions to stay the state court proceedings would be moot, the Court will also review the motions to stay the state court proceedings on the merits.

Petitioner seeks to enjoin an ongoing state proceeding. In order to obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, 555 U.S. 7, 20 (2008). The Supreme Court has repeatedly recognized that injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). A preliminary injunction should "be granted if the [party requesting relief] has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 813 (4th Cir. 1991).

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43–46 (1971) (extraordinary circumstances exist when there is danger of great and immediate irreparable loss; cost, anxiety and inconvenience of defending against good-faith criminal prosecution not extraordinary circumstance requiring federal intervention); Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (applying Younger to habeas petition challenging state pretrial proceedings; federal intervention appropriate only under "special circumstances," such as proven harassment, bad faith prosecution, or other extraordinary circumstances resulting in irreparable injury); Gilliam v.

Foster, 61 F.3d 1070, 1074 (4th Cir. 1995) (en banc ) (stay issued because retrial of petitioner would result in a double jeopardy violation).

However, Congress has specifically authorized stays of state court proceedings in pending federal habeas actions. "A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C. § 2251. The judge has discretion to grant stays of federal habeas petitions. See McFarland v. Scott, 512 U.S. 849, 858, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).

Petitioner alleges that adjudication of his claims in the instant federal habeas petition on the merits cannot occur in the time remaining before the scheduled trial. Petitioner argues that his current privileges at Corcoran are different than the privileges he had in Madera County Jail in 1991 during the penalty retrial and that his housing at Corcoran amounts "to a grievous loss" to him. (ECF No. 24 at 4-5). Respondent argues that the privileges that Petitioner seeks at Madera County Jail are no longer available there and that Petitioner has not shown that he is likely to succeed on the merits or that he will suffer irreparable harm without a stay.

Petitioner provides no support for his argument that his retrial cannot proceed until the conclusion of his federal habeas petition. Even if Petitioner ultimately succeeds on the merits of this habeas petition and his retrial has already concluded and the special circumstance is found to be true, he can receive relief at that time. If a court overturns the special circumstance finding, that would be a complete remedy. This is not like the federal habeas petitions which raise double jeopardy arguments and request a stay of the state court proceedings. Therefore, Petitioner has not identified a special circumstance warranting a stay and his motions to stay the state court proceedings should be denied.

## IV.

## ORDER

Accordingly, the Court HEREBY ORDERS that this Court's October 22, 2014 order denying Petitioner's motion to stay the state court proceedings is VACATED;

**V.**

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Petitioner's petition be DENIED, Petitioner's claim that he is entitled to the same pro per privileges that he had during his 1991 penalty retrial be DISMISSED WITHOUT PREJUDICE, and that Petitioner's motions for a stay of the state court proceedings be DENIED.

Within thirty (30) days after the date of service of this order, any party may file written objections to the Findings and Recommendation with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.

The undersigned will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 9, 2015**

UNITED STATES MAGISTRATE JUDGE