# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>DAVE DAVEY, Warden,<br><br>Respondent. | Case No.  1:14-cv-01068-LJO-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING WITHOUT PREJUDICE THE CLAIM ABOUT PRO PER PRIVILEGES, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, AND DENYING PETITIONER'S MOTIONS FOR STAY OF STATE COURT PROCEEDINGS |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 10, 2015, the Magistrate Judge issued a Findings and Recommendation that recommended that the petition be denied, that Petitioner's claim that he is entitled to the same pro per privileges that he had during his 1991 penalty trial be dismissed without prejudice, and that Petitioner's motions for a stay of the state court proceedings be denied.  (ECF No. 39).  On June 10, 2015, the Findings and Recommendation was served on all parties.  On June 24, 2015, Petitioner filed a motion for a fifteen day extension of time to file his objections and Petitioner had indicated that he had not received the Findings and Recommendations.  (ECF No. 42).  On June 26, 2015, the Magistrate Judge granted Petitioner thirty days from the date of service of that order to file objections and directed the Clerk of Court to serve another copy of the Findings and

1

Recommendations on Petitioner.  (ECF No. 43).  Petitioner filed timely objections.  (ECF No. 46).  Respondent filed a reply to Petitioner's objections.  (ECF No. 47).  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case.

Petitioner argues that he is not in custody pursuant to a valid state court judgment and cites to Burton v. Stewart, 549 U.S. 147,156-57 (2007) and Section 1245 of the California Penal Code.  Section 1245 of the California Penal Code states:

> If before the granting of the certificate, the execution of the judgment has commenced, the further execution thereof is suspended, and upon service of a copy of such certificate the defendant must be restored, by the officer in whose custody he is, to his original custody.

This section pertains to stays pending appeal and restoration to original custody during that stay. It is inapplicable to the instant case because the instant case is not on appeal in the state courts pursuant to a certificate by the trial court stating that the trial court has stayed the execution of the judgment or order granting probation.  See Cal. Pen. Code §§ 1243, 1244.

In Burton, the petitioner was sentenced in 1994 to a total term of 562 months; the trial court imposed the sentence by running three terms consecutively and, in the alternative, by running the terms concurrently but finding the sentence for Burton's rape conviction to be otherwise too lenient under Washington law. After an unrelated prior conviction was reversed, Burton sought resentencing. In 1996, the trial court recalculated Burton's offender scores and again sentenced him to 562 months for the rape conviction, finding it exceptional. Burton sought direct review of his conviction and this sentence; the Court of Appeal affirmed the conviction, but remanded the case for resentencing. Accordingly, in March 1998, the trial court entered a second amended judgment and sentence and imposed a 562 month sentence by running Burton's three sentences consecutively.  Burton, 549 U.S. at 150–51.

While his direct review of this sentence was pending, Burton filed a federal habeas petition. He noted that he was challenging his 1994 conviction and acknowledged that the sentence he had received on resentencing was then on appeal. Both the district court and the Ninth Circuit rejected his petition.  Id. at 151.  In 2002, Burton filed another federal habeas petition attacking his sentence only. Both the district court and the Ninth Circuit rejected the

1 state's claim that the petition was successive, but denied it on the merits. Id. at 152.

2 The Supreme Court ultimately found that the lower courts lacked jurisdiction over the petition because it was indeed successive, and Burton had never received authorization to pursue it. It reasoned that Burton was in custody under the 1998 judgment when he filed the 1998 petition and the 2002 petition and so he "twice brought claims contesting the same custody imposed by the same judgment of a state court." Id. at 153.

Burton argued that had he waited for the conclusion of direct review of the 1998 resentencing, his federal petition raising claims related to his underlying conviction would be time-barred. The Supreme Court said:

> [T]he limitations period applicable to a person in custody pursuant to the judgment of a State court shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Final judgment in a criminal case means sentence. The sentence is the judgment. Accordingly, Burton's limitations period did not begin until both his conviction *and* sentence became final by the conclusion of direct review or the expiration of the time for seeking such review- which occurred well *after* Burton filed his 1998 petition.

Id. at 156–57 (emphases in original; internal quotations, citations omitted).

Here, Petitioner's convictions for first degree murder, attempted murder, and robbery are final. Petitioner has not had his first degree murder conviction vacated. There will be no further review by the state courts of any of his claims in respect to his first degree murder, attempted murder, and robbery convictions. The only pending proceeding in state court is the retrial for the special circumstance, and if the special circumstance is found to be true by the jury, any appeals and post-conviction remedies available to Petitioner that pertain to the retrial for the special circumstance.

In People v. Buckhalter, 26 Cal.4th 20, 34 (2001), the California Supreme Court held that when there is an appellate remand solely for correction of a sentence already in progress, a "defendant's temporary removal from state prison to county jail as a consequence of the remand did not transform him from a state prisoner to a local presentence detainee." After being sentenced and committed to prison to serve a term of imprisonment, the felon's status remains the same until lawfully released. Id. In Buckhalter, the defendant's conviction was not vacated.

3

Id. at 22.

Here, Petitioner, like the defendant in Buckhalter, is a convicted felon who is incarcerated pursuant to a state court judgment, and he has not served his entire sentence. Burton held that the limitations period for filing a federal habeas petition does not begin until both the conviction and sentence become final by the conclusion of direct review. Burton, 549 U.S. at 156–57. Therefore, Burton does not support Petitioner's argument that he is illegally in state prison without a judgment while he awaits the retrial for the special circumstance. Petitioner's claim that he is currently held in state prison without a valid judgment and he is incarcerated past his release date for his determinate sentences, which are his only sentences, must be denied.

Petitioner's challenge to transfer from San Quentin to Corcoran State Prison is a challenge to the particular location of his housing. A prisoner has no right to be housed in a particular institution. See Rizzo v. Dawson, 78 F.2d 527, 530 (9th Cir. 1985); Meachum v. Fano, 427 U.S. 215, 224 (1976). As Petitioner does not have a right to be housed in a particular location, his claim is meritless. As the Court has determined that Petitioner's rights were not violated by transferring Petitioner to Corcoran, the Court will not address Petitioner's objections that relate to whether Petitioner received a hearing pursuant to the medical clause of Section 4007 of the California Penal Code.

Petitioner argues that he is entitled to the same pro per provisions that he had during the penalty retrial in 1991. This claim is not a challenge to the fact or duration of Petitioner's confinement, but rather a challenge to the conditions of Petitioner's confinement. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991). While the Court could construe this claim as a Section 1983 civil rights complaint, Petitioner may not wish to pursue this claim as a civil rights complaint due to the $400 fee for civil rights cases that is deducted from Petitioner's income in his trust account and the fact that civil rights complaints may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, the Court will dismiss this claim without prejudice.

Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's

Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendation.

In Petitioner's objections, he requests a certificate of appealability. Respondent objects to any certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must

demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be denied debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court denies Petitioner's request for a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The June 10, 2015 Findings and Recommendation (ECF No. 39) is ADOPTED IN FULL;
2. Petitioner's claim that he is entitled to the same pro per privileges that he had during his 1991 penalty retrial, to the extent that it is a challenge to the conditions of confinement, is DISMISSED without prejudice;
3. The petition for writ of habeas corpus is DENIED;
4. Petitioner's motions for a stay of the state court proceedings (ECF Nos. 12, 24) are DENIED;
5. The Clerk of Court is DIRECTED to enter judgment and close the case; and
6. Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:   **August 24, 2015**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE