# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>DAVE DAVEY, Warden,<br><br>Respondent. | Case No. 1:14-cv-01068-LJO-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br>(ECF No. 50) |

Petitioner is a state prisoner who had filed a petition for writ of habeas corpus. Petitioner claimed that he filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, but the Court has found that Petitioner's petition is actually pursuant to 28 U.S.C. § 2254.[1]

On June 10, 2015, the Magistrate Judge issued a Findings and Recommendation that recommended that the petition be denied, that Petitioner's claim that he is entitled to the same pro per privileges that he had during his 1991 penalty trial be dismissed without prejudice, and that Petitioner's motions for a stay of the state court proceedings be denied. (ECF No. 39). Petitioner filed timely objections. (ECF No. 46). Respondent filed a reply to Petitioner's objections. (ECF No. 47). On August 25, 2015, the Court adopted the Magistrate Judge's

---

[1] As the Magistrate Judge noted in the findings and recommendation, even if the petition was filed pursuant to 28 U.S.C. § 2241, the Court would still reach the same conclusions. Therefore, even if the Court was to review the petition pursuant to 28 U.S.C. § 2241, the petition would still be denied and Petitioner's claim about pro per privileges would still be dismissed without prejudice.

findings and recommendation, denied the petition for writ of habeas corpus, dismissed without prejudice the claim about pro per privileges, denied Petitioner's motions for a stay of the state court proceedings, and directed the Clerk of Court to close the case. (ECF No. 48).

On September 8, 2015, Petitioner filed the instant motion for reconsideration. (ECF No. 50).[2] On October 8, 2015, Respondent filed an opposition. (ECF No. 52). On November 2, 2015, Petitioner filed a reply. (ECF No. 53).

Petitioner's motion is brought pursuant to Federal Rule of Civil Procedure 59. The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision as manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Petitioner argues that the Court erred when it determined that he is not a pretrial detainee and that he is being held in custody pursuant to a judgment of conviction. Petitioner also argues that Respondent argues that the Court committed a manifest error by dismissing without prejudice his claim about pro per privileges and Petitioner now raises an equal protection argument. Respondent argues that Petitioner is not entitled to reconsideration of the Court's August 25, 2015 order because Petitioner is not a true pretrial detainee and Petitioner has no right to a particular housing location. Respondent also argues that Petitioner cannot now assert an equal protection claim that he did not raise in his original petition.

Petitioner argues that he is not in custody pursuant to a valid state court judgment. However, as stated in the Court's order adopting the findings and recommendation, Petitioner's convictions for first degree murder, attempted murder, and robbery are final. Petitioner has not

---

[2] The motion was constructively filed on September 3, 2015, because that was the date that Petitioner placed the motion in the prison mail system to be mailed to the Court.

had his first degree murder conviction vacated. There will be no further review by the state courts of any of his claims in respect to his first degree murder, attempted murder, and robbery convictions. The only pending proceeding in state court is the retrial for the special circumstance, and if the special circumstance is found to be true by the jury, any appeals and post-conviction remedies available to Petitioner that pertain to the retrial for the special circumstance.

In People v. Buckhalter, 26 Cal.4th 20, 34 (2001), the California Supreme Court held that when there is an appellate remand solely for correction of a sentence already in progress, a "defendant's temporary removal from state prison to county jail as a consequence of the remand did not transform him from a state prisoner to a local presentence detainee." After being sentenced and committed to prison to serve a term of imprisonment, the felon's status remains the same until lawfully released. Id. In Buckhalter, the defendant's conviction was not vacated. Id. at 22.

The Court finds that Harrison v. Gillespie, 640 F.3d 888 (9th Cir. 2011) is distinguishable from the present case. As Respondent noted in his opposition, in Harrison, the petitioner was not actually sentenced by the trial because the jury was unable to agree on a penalty. Harrison, 640 F.3d at 893. Also, the petitioner in Harrison raised a double jeopardy claim in his habeas petition. Harrison, 640 F.3d at 893. However, in the present case, Petitioner was sentenced to death and determinate sentences by the trial court. Therefore, Petitioner actually has been sentenced by a state court, even though the special circumstance finding on the murder charge has now been reversed and he is facing retrial on the special circumstance finding.

Here, Petitioner is a convicted felon who is incarcerated pursuant to a state court judgment. Petitioner's claims that he is being held in state prison without a valid judgment and he is incarcerated past his release date for his only sentences are without merit. Furthermore, a prisoner has no right to be housed in a particular institution. See Rizzo v. Dawson, 78 F.2d 527, 530 (9th Cir. 1985); Meachum v. Fano, 427 U.S. 215, 224 (1976).

Petitioner once argues that he is entitled to the same pro per provisions that he had during the penalty retrial in 1991, and that this Court erred by determining that this claim should be

1 dismissed without prejudice and brought as a § 1983 claim.  Petitioner also presents an equal 2 protection argument in connection with this claim.  However, as stated in the order adopting the 3 findings and recommendation, this claim is not a challenge to the fact or duration of Petitioner's 4 confinement, but rather a challenge to the conditions of Petitioner's confinement.  In contrast, a 5 civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge 6 the conditions of that confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991). 7 Therefore, it was proper for the Court to dismiss this claim without prejudice.  The Court notes 8 that Petitioner may file this claim as a § 1983 claim, but the Court does not express an opinion as 9 to the merits of such a claim.

10 The Court also finds that Petitioner's arguments for reconsideration of the denial of a certificate of appealability are without merit.  Petitioner has not made the substantial showing of the denial of a constitutional right.

13 Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **January 16, 2016**              /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE